1
2
3
4
5
6

CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Road Suite 200
San Diego CA 92111
russ @ potterhandy.com
　　　　Attorneys for Plaintiff

7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

**Scott Johnson**,

　　　Plaintiff,

　v.

**San Carlos Inn,** a California
Limited Partnership,

　　　Defendants.

**Case:** 3:19-cv-00061-SK

**Plaintiff's Objection to and
Opposition to Motion for
Judgment on the Pleadings and
Dismissal for Lack of Subject
Matter Jurisdiction**

Date:　　　November 25, 2019
Time:　　　9:30 a.m.
Ctrm:　　　C-15th Floor

19
20
21
22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2

3  TABLE OF CONTENTS.............................................................................i

4  TABLE OF AUTHORITIES......................................................................ii

5  MEMORANDUM OF POINTS AND AUTHORITIES ...............................1

6

7  I.    Preliminary statement....................................................................1

8  II.   The motion for judgment on the pleadings or to dismiss for

9        lack of standing violates General Order 56...............................2

10 III.  Not only is should the Rule 12(b)(1) motion be treated as a

11       Rule 12(b)(6) motion (stayed by General Order 56) but

12       even if the stay were not in effect, this motion would be

13       premature.......................................................................................4

14 IV.   Rather than this improper attempt to get the court to make

15       factual findings or resolve disputed issues *during a stay*,

16       San Carlos Inn should move for administrative relief,

17       permit Johnson to conduct an expert-led site inspection

18       and then brings a dispositive motion. ...........................................6

19 V.    CONCLUSION ................................................................................6

20

21

22

23

24

25

26

27

28

Opposition to Motion to Dismiss                    Case: 3:19-cv-00061-SK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Bennett v. United States,*
    102 F.3d 486 (11th Cir. 1996) ................................................................ 4

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
    631 F.3d 939 (9th Cir. 2011) ................................................................. 6

*City of Mesquite v. Aladdin's Castle, Inc.,*
    455 U.S. 283 (1982) ............................................................................. 7

*Feldman v. Pro Football, Inc.,*
    419 F. App'x 381 (4th Cir. 2011) ................................................... 11, 12

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) ..................................................................... 1, 7, 12

*Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.,*
    975 F. Supp. 2d 1374 (N.D. Ga. 2013) .................................................. 9

*Grove v. De La Cruz,*
    407 F. Supp. 2d 1126 (C.D. Cal. 2005) ................................................ 11

*Holt v. United States,*
    46 F.3d 1000 (10th Cir. 1995) .............................................................. 4

*Iron Arrow Honor Soc'y v. Heckler,*
    464 U.S. 67 (1983) ............................................................................. 10

*Jenkins v. United States Gas Corporation,*
    400 F.2d 28 (5th Cir. 1998) ................................................................ 10

*Modern Dev. Co. v. Navigators Ins. Co.,*
    111 Cal. App. 4th 932 (2003) ............................................................. 10

*Moeller v. Taco Bell Corp.,*
    816 F. Supp. 2d 831 (N.D. Cal. 2011) ....................................... 9, 12, 13

*Molski v. M.J. Cable, Inc.,*
    481 F.3d 724 (9th Cir. 2007) ................................................................ 5

ii

1    *Nat'l Adver. Co. v. City of Miami,*
2      402 F.3d 1329 (11th Cir.2005) ........................................................... 10
3    *Roberts v. Corrothers,*
4      812 F.2d 1173 (9th Cir. 1987) ......................................................... 1, 4
5    *Santiago v. Miles,*
6      774 F.Supp. 775 (W.D.N.Y. 1991) ................................................... 10
7    *Sharp v. Rosa Mexicano, D.C., LLC,*
8      496 F. Supp. 2d 93 (D.D.C. 2007) .......................................................8
9    *Sheely v. MRI Radiology Network, P.A.,*
10     505 F.3d 1173 (11th Cir. 2007).......................................................... 10
11    *Steel Co. v. Citizens for a Better Env't,*
12     523 U.S. 83 (1998) .............................................................................. 10
13    *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,*
14     711 F.2d 138 (9th Cir. 1983) ...............................................................5
15    *Tandy v. City of Wichita,*
16     380 F.3d 1277 (10th Cir. 2004).............................................................7
17    *United States v. Concentrated Phosphate Export Ass'n,*
18     393 U.S. 199 (1968)...............................................................................7
19    *United States v. W.T. Grant,*
20     345 U.S. 629 (1953) ............................................................................ 10

21
22
23
24
25
26
27
28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3    **I.  Preliminary statement**

4         Johnson, a quadriplegic, has sued San Carlos Inn, claiming that it
5    has inaccessible parking, inaccessible website booking options, and
6    inaccessible guest rooms in violation of the Americans with Disabilities
7    Act. In response, San Carlos Inn has filed a motion for judgment on the
8    pleadings, contesting the facts and the law and arguing that some
9    conditions have also changed, thereby mooting some claims.  The motion
10   should be denied as premature.

11        First, the motion has been filed in violation of the General Order 56
12   stay on all proceedings. Second, the motion asks the court to improperly
13   resolve disputed facts where the question of jurisdiction is dependent on
14   the resolution of factual issues going to the merits.[1] Here, the complaint's
15   claim is lack of accessible parking, lack of accessible website, lack of
16   accessible guestrooms. San Carlos challenges jurisdiction on the basis that
17   *there is* accessible parking, accessible website booking, and there are
18   accessible guestrooms. In such cases, the Rule 56 "summary judgment
19   standard" applies and this current motion is premature until the plaintiff
20   has had the opportunity to conduct discovery.[2]

21

22

23

24

25

26

27

28

---

[1] *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

[2] *Roberts*, 812 F.2d at 1177.

## II.   The motion for judgment on the pleadings or to dismiss for lack of standing violates General Order 56.

The motion for judgment on the pleadings and the motion to dismiss violate both the spirit and letter of the stay imposed by General Order 56. It is improper and must be denied. Pursuant to General Order 56, any case arising under the Americans with Disabilities Act is governed by a strict process, designed to minimize costs and to get the parties to a resolution. Under General Order 56, "All other discovery and proceedings are STAYED unless the assigned judge orders otherwise."[3]

This case asserts denial of a right of access protected by Title III of the ADA, and thus, the case falls under General Order 56, which requires the parties "to engage in a structured process designed to achieve early compliance with the ADA while minimizing the adversarial litigation process and concomitant fees."[4] General Order 56 automatically stayed all litigation proceedings and most discovery during an approximately five month period that starts with the filing of the complaint, runs through a joint site inspection, and ends with mandatory mediation.[5] And if a party wishes to engage in discovery, motion work, or other proceedings, they can file a motion for administrative relief.[6]

Here, the defendant has not filed for relief from the stay. The court has not granted any relief from the stay. The motion to dismiss is filed in direct violation of the stay order found in General Order 56. And this court has had occasion to previously address such a situation. About five months ago, this court denied a motion to dismiss on the basis that: "The stay means that the ordinary course of litigation, including motions practice,

---

[3] General Order 56, p ¶ 2 (penultimate sentence).

[4] *Cullen v. Netflix, Inc.*, 2011 WL 13177618, at *1 (N.D. Cal. 2011).

[5] General Order 56 ¶¶ 2-8.

[6] General Order 56, ¶ 9.

Opposition to Motion to Dismiss                    Case: 3:19-cv-00061-SK

cannot proceed until the required process is completed. Here, the parties have not completed the required site inspection and mediation, and the Court has not issued an order granting relief from the stay imposed by General Order 56. Accordingly, Defendants' motion to dismiss was inappropriately filed."[7]

The fact that San Carlos Inn claims that its motion implicates subject matter jurisdiction—something the court must always consider—cannot withstand scrutiny. The case arises under the ADA. The court has subject-matter jurisdiction over this federal statutory claim. "When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint."[8] Standing, while related to jurisdiction for practical purposes, is different. Thus, "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim" under Rule 12(b)(6).[9] Moreover, the failure to allege a cognizable legal theory does not implicate subject-matter jurisdiction:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case . . . jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. Rather, the district court has jurisdiction if the right of the petitioners to recover under their complaint will be sustained if the laws of the United States are given one construction and will be defeated if they are given another.
>
> [*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, (1998) (internal cites and quotes removed).]

---

[7] *Gonzalez v. Yoo, et al.,* 3:19-cv-00734-SK (N.D., Cal. May 21, 2019), Docket Entry 20, p. 1, lines 21-25.

[8] *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008).

[9] *See Harris v. Amgen, Inc.*, 573 F.3d 728, 732, fn. 3 (9th Cir. 2009).

Opposition to Motion to Dismiss                    Case: 3:19-cv-00061-SK

Here, if Johnson's construction of the ADA has merit, then he can recover. This court, therefore, has subject-matter jurisdiction. San Carlos' motion arguing against standing is properly brought as a Rule 12(b)(6) motion to dismiss for failure to state a claim and not as a motion challenging subject-matter jurisdiction under Rule 12(b)(1). And it is inappropriate to bring this motion during the stay.

**III.   Not only is should the Rule 12(b)(1) motion be treated as a Rule 12(b)(6) motion (stayed by General Order 56) but even if the stay were not in effect, this motion would be premature.**

San Carlos' motions are based entirely on the claim that their parking lot, website and guest rooms comply with the ADA and, therefore, there is nothing for the court to enjoin under the federal statute. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with these motions are that they very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether Johnson can prove his claims. Johnson alleges that the San Carlos Inn does not have accessible parking, does not have accessible website booking opportunities and does not have accessible guestrooms in violation of federal law. If that is true, Johnson wins and can obtain the injunction. If that is wrong, Johnson loses. That is the case. The ultimate question in this case is whether the parking lot/website/guest rooms comply with accessibility laws.  San Carlos Inn, however, asks this Court to

4

1    answer that very question in determining whether it has jurisdiction.  This
2    is improper.

3          A court should not resolve disputed facts where the question of
4    jurisdiction is dependent on the resolution of factual issues going to the
5    merits.[10] As the Ninth Circuit has held, "A district court may hear evidence
6    and make findings of fact necessary to rule on the subject matter
7    jurisdiction question prior to trial, *if the jurisdictional facts are not*
8    *intertwined with the merits*."[11] In such cases, the Rule 56 "summary
9    judgment standard" applies.[12] The question of jurisdiction and the merits
10   of an action are considered intertwined where the same statute provides
11   the basis for both the subject matter jurisdiction of the federal court and
12   the plaintiff's substantive claim for relief.[13] That is the situation that exists
13   in the present case. San Carlos Inn can and should bring its claims in the
14   form of a Rule 56 motion when the stay is lifted.

15         Additionally, district courts are permitted to convert such a motion
16   to a summary judgment motion but given the fact that this case is at its
17   earliest stage, discovery has not even begun, there is a discovery stay in
18   effect, Johnson has not had a chance to conduct a site inspection to assess
19   the claimed new changes, a summary judgment motion would be
20   premature and unfair. Had Johnson been given notice of a motion for
21   summary judgment, he would be in a position to file a Rule 56(d) request
22   for continuance or denial.

---

[10] *Roberts*, 812 F.2d at 1177.

[11] *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

[12] *Roberts*, 812 F.2d at 1177; *see also Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

[13] *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).

5

**IV. Rather than this improper attempt to get the court to make factual findings or resolve disputed issues *during a stay*, San Carlos Inn should move for administrative relief, permit Johnson to conduct an expert-led site inspection and then brings a dispositive motion.**

It is fundamentally unfair for San Carlos Inn to be permitted to ignore the litigation stay and bring what amounts to a disguised summary judgment motion, arguing facts and legal theories, supported by declarations from an expert and a hotel employee while Johnson is not permitted to develop his case or bring a motion for summary judgment or, even, to have a site inspection to confirm or rebut the claims of the defense expert.

The appropriate procedure is for San Carlos Inn to file a motion, explaining to the court seeking administrative relief so that it can prosecute these motions. But, in any event, Johnson should be afforded the opportunity to conduct a site inspection.

**V. CONCLUSION**

Johnson respectfully requests this Court deny the motions.

Dated: November 4, 2014        CENTER FOR DISABILITY ACCESS
                               /s/ Russell Handy
                               By:_____
                               Russell Handy, Esq.
                               Attorneys for Plaintiff

Opposition to Motion to Dismiss                    Case: 3:19-cv-00061-SK