Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant SAN CARLOS INN, L.P.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>SAN CARLOS INN, a California<br>Limited Partnership; and Does 1-10,<br>Defendants.,<br><br>                    Defendant. | Case No. 19-cv-00061-SK<br><br>**DEFENDANT'S REPLY IN SUPPORT<br>OF ITS MOTION FOR JUDGMENT ON<br>THE PLEADINGS**<br><br>Date:          November 25, 2019<br>Time:          9:30 a.m.<br>Courtroom: C - 15th Fl. |

1

### INTRODUCTION

2    Plaintiff Scott Johnson's late-filed Opposition to defendant San Carlos Inn, L.P.'s

3  Motion for Judgment on the Pleadings is really no Opposition at all. The Motion raises two

4  key arguments: that Johnson's claim is moot and that the complaint does not otherwise

5  establish subject matter jurisdiction.  In response, Johnson makes two legally and factually

6  erroneous arguments, neither of which respond to the key issues raised in the Motion: (1)

7  General Order 56 stays any challenge to the pleadings and (2) the Motion should be

8  decided under Rule 12(b)(6) and not Rule 12(b)(1).  Johnson presents *no* facts to dispute

9  Defendant's factual challenge to subject matter jurisdiction.  Since the burden of

10 establishing subject matter jurisdiction at every stage of the proceedings is on Johnson, and

11 the court is presumed to lack subject matter jurisdiction unless otherwise established by

12 Johnson by admissible evidence, it is now undisputed that the Court lacks subject matter

13 jurisdiction and the complaint should be dismissed.

14

### ARGUMENT

15

### I.

16

### GENERAL ORDER 56 DOES NOT PREVENT CHALLENGES TO SUBJECT

17 ### MATTER JURISDICTION AND HAS BEEN COMPLIED WITH IN ANY EVENT

18 A.    General Order 56 Does Not Stay Motions Challenging The Pleadings.

19     Johnson's main argument in his Opposition is that General Order 56 stays any

20 challenge to this Court's subject matter jurisdiction absent an Administrative Order from

21 this Court.  Johnson should know better as courts in the Northern District have rejected

22 Johnson's claim in numerous other cases.  For example, in *Johnson v. Otter*, 2019 U.S.

23 Dist. LEXIS 18596 (N.D. Cal. Feb. 5, 2019), Johnson – represented by the same counsel as

24 in this case – made the exact same contention that General Order 56 precluded the

25 defendant's motion to dismiss the case for lack of subject matter jurisdiction pursuant to

26 Fed.R.Civ.P. 12(b)(1).  The Court held:

27        Johnson asserts that "Defendant's motion is premature as the motion was filed
         in violation of General Order 56's stay on all proceedings." Opp. at 2, ECF 27.

28

Defendant' Reply in Support of Judgment on Pleadings          -1-

1
2
3
4
5
6
7
8
9
10
11
12

The Court disagrees. General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and merely "dictates an early case management process that has been tailored to ADA access cases filed in this district." *Johnson v. Sebanc*, No. 18-cv-00585-DMR, 2018 U.S. Dist. LEXIS 109475, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018); *see also Johnson v. Winchester Campbell Props., LLC*, No. 18-cv-04153-VKD, 2018 U.S. Dist. LEXIS 213064, 2018 WL 661994, at *2 (N.D. Cal. Dec. 18, 2018). In particular, judges in this District (including this Court) have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings or the court's jurisdiction. *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 U.S. Dist. LEXIS 32985, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds"); *Che v. San Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381-BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("[T]he Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint." (alteration in original)).

As such, this Court holds that General Order 56 does not bar Roper from bringing the instant motion to dismiss for lack of subject matter jurisdiction.

13
14

*Id.* at *4-6.  *See also*, *Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at *4-6 (N.D. Cal. Jan. 22, 2019).

15
16
17
18
19

In *Torres*, the court not only rejected Johnson's General Order 56 argument but entered final judgment against Johnson for lack of subject matter jurisdiction based on mootness.  Therefore, Johnson's claim that General Order 56 stays a motion to dismiss the case for lack of subject matter jurisdiction based on mootness is barred by collateral estoppel.

20
21
22
23
24
25
26
27
28

Collateral estoppel precludes relitigation of issues actually litigated and necessarily determined by a court. *Davis & Cox v. Summa Corp*., 751 F.2d 1507, 1518 (9th Cir. 1985). Collateral estoppel is appropriate when the following elements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000). Each of the elements of collateral estoppel are present here and collateral estoppel conclusively bars Johnson's "General Order 56" argument.

1    B.    <u>Even If General Order 56 Applied, It Has Been Complied With</u>.

2          In addition, the parties have complied with General Order 56.  First, Plaintiff

3    contends that there has been no site inspection pursuant to General Order 56.  That is

4    incorrect.  A site inspection by the parties was conducted on July 10, 2019 by Jennifer

5    McAllister from Potter & Handy d/b/a "Center for Disability Access" and Plaintiff found

6    that all issues that Plaintiff's expert examined had been remediated.  Stillman Declaration, ¶

7    2.

8          Second, the parties have jointly used Arbitrator/Mediator Paul Dubrow for two cases,

9    *Johnson v. Giusto*, Case No. 18-06536-SK and this case. Counsel in this action are the

10   same as counsel for *Giusto*.  Mr. Dubrow conducted mediation discussions with counsel for

11   Johnson and counsel for San Carlos Inn, L.P. repeatedly for both cases and settlement

12   offers and counteroffers were exchanged through Mr. Dubrow for *both* cases.  Mr. Dubrow

13   successfully settled the *Giusto* matter, but the parties were unable to come to a settlement

14   on this case.  Stillman Decl., ¶ 3. Thus, the parties in this case *have* participated in

15   mediation (albeit not in person with the clients in attendance) in this case already.

16         Third, this case has been pending since January 2019.  The parties have exchanged

17   their Initial Disclosures, and Plaintiff has responded to discovery without any objection,

18   which is further evidence that Plaintiff does not *truly* believe that any stay is in place that

19   would preclude a Motion for Judgment on the Pleadings, regardless of the rulings against

20   him in several other cases on this point.

21                                        **II.**

22   **THE PENDING MOTION IS BASED ON THE LACK OF SUBJECT MATTER**

23   **JURISDICTION *NOT* A FAILURE TO STATE A CLAIM.**

24         Johnson contends, as he has in other cases in this District, that this Court's

25   determination of whether it has subject matter jurisdiction must be decided pursuant to the

26   standards applicable to a Fed.R.Civ.P. 12(b)(6) motion rather than Rule 12(b)(1). Plaintiff

27   confuses the standards of a motion to dismiss for failure to state a claim brought pursuant to

28   Fed.R.Civ.P. 12(b)(6) and a motion to dismiss for lack of subject matter jurisdiction

1    pursuant to Fed.R.Civ.P. 12(b)(1).

2        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

3    motion, that the court lacks jurisdiction over the subject matter of an entire action or of

4    specific claims alleged in the action. "A motion to dismiss for lack of subject matter

5    jurisdiction may either attack the allegations of the complaint or may be made as a

6    'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill*

7    *Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  In determining a

8    factual challenge to subject matter jurisdiction, district courts "may review evidence

9    beyond the complaint without converting the motion to dismiss into a motion for summary

10   judgment" when resolving a facial attack.[1] *Safe Air for Everyone v. Meyer*, 373 F.3d

11   1035,1039  (9th Cir. 2004).  When a Rule 12(b)(1) motion attacks the existence of subject

12   matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations.

13   *Thornhill Publ'g Co.*, 594 F.2d at 733. "[T]he district court is not restricted to the face of

14   the pleadings, but may review any evidence, such as affidavits and testimony, to resolve

15   factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850

16   F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject

17   matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction

18   does in fact exist. *Thornhill Publ'g Co.*, 594 F.2d at 733.

19       In contrast, "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test

20   the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

21   581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the

22   absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

23

24   _____

25       [1]  Johnson weakly argues that a jurisdictional issue that is "intertwined" with the
     merits must be decided by a jury and, as a result, must await trial on the merits. "The
26   problem with Appellants' argument is that 'the jurisdictional issue and the issue on the
     merits are [not] factually so 'completely intermeshed,' [citation omitted] that 'the question
27   of jurisdiction is dependent on decision of the merits,' [citation omitted]." *St. Clair v.
     Chico*, 880 F.2d 199, 202 (9th Cir. 1989).
28

1   *Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

2       Unlike a motion challenging the court's subject matter jurisdiction, in reviewing a

3   complaint under this standard, the court "must accept as true all of the factual allegations

4   contained in the complaint," construe those allegations in the light most favorable to the

5   plaintiff, and resolve all doubts in the plaintiffs' favor. *See Erickson v. Pardus*, 551 U.S.

6   89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Von Saher v. Norton Simon Museum of*

7   *Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037, 131 S. Ct.

8   3055, 180 L. Ed. 2d 885 (2011).

9       Contrary to Johnson's argument that this court must review Defendant's motion for

10  failure to state a claim, it is settled law that an ADA claim may be mooted, which deprives

11  the Court of subject matter jurisdiction.  *Johnson v. BBVA Compass Fin. Corp.*, 2016 U.S.

12  Dist. LEXIS 39635 at *1 (E.D. Cal. Mar. 25, 2016) (holding ADA claim by Scott Johnson

13  was moot after barrier repair); *Johnson v. Compton*, 2018 U.S. Dist. LEXIS 108571, at *3

14  (E.D. Cal. June 27, 2018)(same).  "Once a defendant has remedied all ADA violations

15  complained of by a plaintiff, the plaintiff's claims become moot and he or she loses

16  standing, meaning the court no longer has subject matter jurisdiction over the ADA

17  claims." *Bryant v. Yosemite Falls Cafe, Inc.*, 2018 U.S. Dist. LEXIS 5458 (E.D. Cal. Jan.

18  11, 2018). *Indep. Living Res. v. Or. Arena Corp.*, 982 F.Supp. 698, 774 (D.Or. 1997)

19  (concluding parking lot modifications mooted ADA claim because defendants would be

20  subject to the "high cost of litigation" if non-compliance recurred) declined to follow on

21  different grounds by *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1024 (9th Cir. 2008).

22       Plaintiff erroneously cites *Harris v. Amgen, Inc.*, 573 F.3d 728, 732 n.3 (9th Cir.

23  2009) for the proposition that a dismissal for lack of standing is "properly viewed as a

24  dismissal for failure to state a claim."  It does not.  Instead, *Harris* only stated in dicta in a

25  footnote that a dismissal for lack of *statutory* standing in an ERISA case where the plaintiff

26  was no longer a plan participant was reviewed as a dismissal for failure to state a claim.

27  However, "[b]ecause we review dismissals under both Rule 12(b)(1) and Rule 12(b)(6) *de*

28  *novo*, the district court's error [in characterization] does not affect the result in this case."

*Id. Harris* further held that the plaintiff had *constitutional* standing as well as statutory standing. *Id.*

As this Court and Plaintiff's counsel clearly know, there is a significant difference between Article III standing and statutory standing under, for example, ERISA. A federal court is a court of limited jurisdiction and is presumed to lack subject matter jurisdiction. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981). Unlike a failure to state a claim, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) quoting *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868).

Constitutional standing thus goes to the court's subject matter jurisdiction while statutory standing goes to a failure to state a claim. "Once the district court reached the conclusion that it had no underlying original subject matter jurisdiction, there was nothing left to do but to dismiss the case." *Herman Family Revocable Tr.*, 254 F.3d at 807; *see* Fed. R. Civ. P. 12(h)(3). Accordingly, and contrary to Plaintiff's apparent assertion, if the Court lacks subject matter jurisdiction, the case must be dismissed.

### III.

### <u>JOHNSON'S LACK OF STANDING IS UNCONTROVERTED</u>

In a factual attack on subject matter jurisdiction, as in this case, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "If the movant presents a factual basis to defeat subject matter jurisdiction, the opposing party must furnish evidence to meet 'its burden of establishing subject matter jurisdiction.'" *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Defendant has made a factual challenge to Johnson's complaint. However, Johnson has not controverted any of the facts presented in support of the Motion. Johnson has not disputed that the claims are moot, and he has not presented any evidence that even

if not moot, he has standing to sue. *Jinkins v. Irvine Props.*, 2016 U.S. Dist. LEXIS 75947, at *3 (C.D. Cal. June 8, 2016)(granting motion to dismiss pursuant to Rule 12(b)(1) where expert declaration regarding repairs to parking lot having been completed rendered ADA claim moot). As set forth fully in Defendant's Motion, the Declarations of Larry Wood and Suresh Gandhi establish that none of the alleged ADA violations currently exist at the property, and as to the two sentences alleging that the hotel's website was not ADA compliant and that a room with two beds was not available, those allegations were false at the time of the filing of the complaint and remain false. Johnson has failed to controvert any of those facts and therefore mootness has been established. *Johnson v. Otter*, 2019 U.S. Dist. LEXIS 18596, at *6-7 (dismissing Johnson's complaint as moot for failing to controvert movant's factual showing).

In addition to Johnson's claim being moot, Defendant has also demonstrated that Johnson lacks standing because he cannot demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). Plaintiff has the burden of establishing the existence of these elements, and must clearly allege facts demonstrating each element. *Id.* Since injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. Apart from his claims being moot, Johnson has failed to present any evidence in support of any of the elements for Article III standing. Accordingly, even if his ADA claim was not moot – and it clearly is – Johnson would still lack standing.

### IV.

### THE STATE LAW CLAIMS ALLEGED IN PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUPPLEMENTAL JURISDICTION

If the ADA claim is moot, the Court does not have federal question jurisdiction over Plaintiff's remaining state-law claims. *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002)

(affirming district court's dismissal of plaintiff's DPA claim because the ADA claim was rendered moot); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) (holding there was no federal question jurisdiction over plaintiff's state claims once the ADA claim was rendered moot); *Jinkins v. Irvine Props.*, 2016 U.S. Dist. LEXIS 75947 at *5-6 (C.D. Cal. June 8, 2016) (no supplemental jurisdiction when ADA claim is moot). Thus, the Court cannot exercise supplemental jurisdiction over Plaintiff's remaining California Unruh Act claim. See 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d at 805("[S]upplemental jurisdiction cannot exist without original jurisdiction.").

## CONCLUSION

Based on the foregoing, defendant respectfully requests that this court dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(c).

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: November 8, 2019          By:

Philip H. Stillman, Esq.
Attorneys for defendant SAN CARLOS INN, L.P.

1

**PROOF OF SERVICE**

2    I, the undersigned, certify under penalty of perjury that on November 11, 2019 or as

3  soon as possible thereafter, copies of the foregoing Reply was served electronically by the

4  Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to

5  the same.

6                                          By: /s/ *Philip H. Stillman*

7                                          Attorneys for defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28