UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, <br>     Plaintiff, <br> v. <br> SAN CARLOS INN, <br>     Defendant. | Case No. 19-cv-00061-SK <br><br> **ORDER REQUIRING FURTHER BRIEFING AND CONTINUNG HEARING** <br><br> Regarding Docket No. 22 |

Defendant San Carlos Inn, L.P. ("Defendant") moves for judgment on the pleadings on the grounds that (1) Plaintiff's request for injunctive relief is moot because all alleged barriers have either been remedied or do not exist, and (2) Plaintiff lacks standing. Plaintiff makes several procedural arguments in response to Defendant's motion and fails to address these factual issues in any way.

First, Plaintiff argues that this motion was filed in violation of the stay on all proceedings pursuant to General Order 56. General Order 56 states in relevant part: "All other discovery and proceedings are STAYED unless the assigned judge orders otherwise." Several judges in this District have rejected similar arguments regarding the scope of General Order 56, finding that "General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings" in ADA access cases. *Johnson v. Winchester Campbell Properties, LLC*, 2018 WL 6619940, at *2 (N.D. Cal. Dec. 18, 2018) (citing cases); *see also Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n. 2 (N.D. Cal. 2012) (holding that General Order 56's stay "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds"); *Che v. San Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381 BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("Upon further review of General Order

56, the Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint."). This Court agrees and finds that General Order 56 does not bar Defendant from challenging Plaintiff's standing or subject matter jurisdiction. Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). Alternatively, to the extent the stay under General Order 56 applies to Defendant's motion, the Court, in its discretion grants relief from the stay to consider this motion. *See* General Order 56, ¶ 9.

Second, Plaintiff argues that the Court may not consider evidence outside of the pleadings without converting the motion to one for summary judgment. However, the Court may look beyond the pleadings and consider extrinsic evidence on a motion for judgment on the pleadings when a party challenges subject-matter jurisdiction. *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline,* 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010); *Maya v. Centx Corp.,* 658 F.3d 1060, 1067-68 (9th Cir. 2011) (holding that in evaluating motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff lacks constitutional standing to sue, courts may consider evidence outside the pleadings).

Finally, Plaintiff argues that the Court should treat Defendant's motion regarding "statutory standing" under the standard for failure to state a claim. (Dkt. No. 24 at 3.) However, the Ninth Circuit has made clear that while "lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis in original). Here, Defendant is challenging Plaintiff's constitutional standing under Article III and Plaintiff has an obligation to demonstrate that he does have standing.

Because injunctive relief is the only available remedy under Title III, a plaintiff claiming discrimination under Title III "must not only demonstrate the familiar requirements for standing –

2

injury-in-fact, traceability, redressability – but also a sufficient likelihood that he [or she] will be wronged again in a similar way." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal quotation and citation omitted). A plaintiff can show likelihood of future injury by demonstrating an intent to return to a noncompliant accommodation or that he was deterred from visiting a noncompliant accommodation because he encountered barriers related to his disability there. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948-50 (9th Cir. 2011). "In determining whether a plaintiff's likelihood of return is sufficient to confer standing, courts have examined factors including: (1) the proximity of the business to the plaintiff's residence, (2) the plaintiff's past patronage of the business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1106 (N.D. Cal. 2017) (citation omitted).

Before dismissing this case based on lack of jurisdiction, the Court will provide Plaintiff with an opportunity to address Defendant's arguments on the merits regarding whether any barriers to access remain and whether Plaintiff has standing. The Court notes that Plaintiff should have some knowledge regarding the status of the barriers based on the joint inspection conducted on July 10, 2019. Plaintiff vaguely argues that he has not had an opportunity to conduct a site inspection "to assess the claimed new changes." (Dkt. No. 24 at 5.) However, Defendant does not argue that it made changes after the site inspection on July 10, 2019. Nevertheless, if Plaintiff contends the parking lot was not compliant with the ADA on July 10, 2019, Plaintiff may inspect the parking lot again. Additionally, if Plaintiff elects to submit a declaration to demonstrate standing, the Court will permit Defendant to depose Plaintiff for a maximum of two hours on the statements in his declaration.

Plaintiff shall submit a supplemental opposition to address the merits of Defendant's motion by no later than December 12, 2019. The extended period provides time for Plaintiff to inspect the parking lot before submitting his supplemental opposition. If Plaintiff files a declaration to demonstrate his standing, he shall make himself available to be deposed by no later

///

///

3

than January 6, 2020.  Defendants may submit a supplemental reply by no later than January 13, 2020.  The Court HEREBY CONTINUES the hearing on Defendant's motion to January 27, 2020.

    **IT IS SO ORDERED**.

Dated: November 14, 2019

_____
SALLIE KIM
United States Magistrate Judge