UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SAN CARLOS INN,<br><br>    Defendant. | Case No. 19-cv-00061-SK<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Regarding Docket No. 22 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant San Carlos Inn, L.P. ("Defendant"). The Court determines that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 27, 2020 is VACATED. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

Defendant moves for judgment on the pleadings on the grounds that (1) Plaintiff's request for injunctive relief is moot because all alleged barriers have either been remedied or do not exist, and (2) Plaintiff lacks standing. In the Order Requiring Further Briefing and Continuing Hearing, the Court noted that in Plaintiff's late-filed opposition to the motion for judgment on the Pleadings, Plaintiff failed to address the factual issues raised by Defendant's motion. (Dkt. 29.) The Court provided Plaintiff with another opportunity to oppose Defendant's motion on the merits, but Plaintiff did not file any supplemental opposition by the deadline of December 12, 2019. Therefore, the Court will address the merits of Defendant's motion.

Because injunctive relief is the only available remedy under Title III, a plaintiff claiming discrimination under Title III "must not only demonstrate the familiar requirements for standing – injury-in-fact, traceability, redressability – but also a sufficient likelihood that he [or she] will be

wronged again in a similar way." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal quotation and citation omitted). "Where . . . a private plaintiff brings an ADA claim seeking to enjoin a defendant to remove an architectural barrier, removal of the barrier before final judgment moots the ADA claim based on that barrier." *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.") (internal citation omitted)).

Defendant argues that Plaintiff's request for injunctive relief is moot because all alleged barriers have either been remedied or do not exist. Plaintiff alleges that the motel failed to offer sufficient accessible rooms across the various classes of sleeping accommodations. (Dkt. No. 1 (Compl.), ¶ 17. However, Defendant submits evidence to demonstrate that the motel does have accessible rooms in compliance with the ADA. (Dkt. No. 22-2 (Declaration of Suresh Gandhi), ¶¶ 2-4.) Next, Plaintiff also alleges that the website for the motel does not allow customers to make reservations online for accessible rooms (Dkt. No. 1, ¶ 19), but Defendant submits evidence demonstrating that customers can make reservations online for accessible rooms. (Dkt. No. 22-2, ¶ 5, Ex. 1.) Plaintiff also alleges that Defendant fails to provide a van accessible parking space and that access aisle was not level with the parking spaces because there is a curb running into the access aisle, causing slopes greater than 2.1%. (Dkt. No. 1, ¶¶ 23, 26-27.) Larry Wood, a state-licensed Certified Access Specialist, conducted a survey of the motel property and states that, upon his inspection, he observed the required number of van-accessible parking spaces and that the parking stalls and access aisle are level with each other and that there are no slopes greater than 2.1%. (Dkt. No. 22-3 (Declaration of Larry Wood), ¶¶ 2- 5.) Therefore, Mr. Wood found that all of the architectural barriers Plaintiff identified in his Complaint have been corrected and are fully compliant. (*Id.*, ¶ 6.)

Despite having notice of Defendant's contentions and a second opportunity to respond, Plaintiff failed to provide any evidence to show that any barriers currently exist. Accordingly, the

Court finds that Plaintiff's ADA claim is MOOT and GRANTS Defendant's motion for judgment on the pleadings on this claim.  Moreover, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Plaintiff's state-law claim and dismisses this state-law claim.  This Order is without prejudice to Plaintiff's refiling his state-law claim in state court.  The Court will issue a separate judgment.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 22, 2020



SALLIE KIM
United States Magistrate Judge